[No. 3481.   Decided May 18, 1901.]

VERMONT LOAN AND TRUST COMPANY, *Appellant,* v. JOHN T. VAUGHON *et al., Respondents.*

APPEAL — REVIEW OF EQUITABLE CAUSE ON INSUFFICIENT RECORD — REVERSAL.

Appellant is entitled to a reversal of a cause of equitable cognizance, and a new trial in the court below, when he seeks such relief instead of a trial *de novo,* where the record as transmitted to the supreme court clearly shows that the judgment entered was not justified by the evidence as certified by the trial judge, and when the record raises a doubt as to whether the statement of facts contains all of the evidence upon which the cause was tried in the court below.

Appeal from Superior Court, Whitman County.—Hon. WILLIAM McDonald, Judge. Reversed.

*A. E. Gallagher,* for appellant.

*M. O. Reed,* for respondents.

PER CURIAM.—This is an appeal from a judgment entered for the respondents in an action brought by the appellant to foreclose a mortgage upon certain real property. The action is one of equitable cognizance, which this court would ordinarily try *de novo* upon the record, and would, if it reversed the judgment appealed from, direct the proper judgment to be entered. The record as transmitted to this court, however, while it clearly shows that the judgment entered was not justified by the evidence as certified by the trial judge, leaves it in doubt whether the statement contains all of the evidence upon which the cause was tried in the court below, and whether the judge did not make the certificate to the effect that it did so under a misapprehension of his powers and duty with respect to the matter. But whether we would, under any circumstances, try a cause *de novo* on such a record, we are not called upon to determine. The appellant asks only for a reversal and that the cause be remanded for a new trial. As, on the face of the record, he is entitled to a reversal, the order will go as requested.

Reversed and remanded for a new trial.